639 A.2d 861

**Patrick T. COLLINS, Jr., Appellant,**

**v.**

**UPPER SALFORD TOWNSHIP BOARD OF SUPERVISORS, William B. Moore and Florence C. Moore.**

Commonwealth Court of Pennsylvania.

Argued Feb. 3, 1994.

Decided March 9, 1994.

Reargument Denied May 12, 1994.

404

J. Edmund Mullin, for appellant.

Marc B. Davis and Robert G. Bricker, for appellees.

Before McGINLEY and SMITH, JJ., and KELTON, Senior Judge.

KELTON, Senior Judge.

In this zoning case, developer, Patrick Collins, appeals from the April 28, 1993 order of the Court of Common Pleas of Montgomery County (trial court), in which the trial court affirmed the April 11, 1990 decision of the Upper Salford Township Board of Supervisors (Board) to deny Collins' Curative Amendment challenge to the Upper Salford Township Zoning Ordinance No. 68–4. We reverse and remand.

The issues before us are whether the Board erred in determining that the Zoning Ordinance does not unconstitutionally exclude or fail to provide for a fair share of mobile home park development in the Township.[1]

### Background

Collins owns two tracts of undeveloped land containing 106 and 84.2 acres, respectively, located in an RA–2 residential-agricultural zone in Upper Salford Township (Township), in which single-family detached dwellings are permitted on a minimum lot size of two acres. Collins wishes to develop the tracts for two mobile home parks containing a total of 1,108–units. On May 6, 1988, Collins filed a Curative Amendment Application challenging the validity of the Zoning Ordinance, alleging that the Ordinance and Map unconstitutionally exclude mobile home park development in the Township. In the

---

1. Our scope of review, where, as here, the Court of Common Pleas took no additional evidence, is limited to determining whether the Board committed an error of law or an abuse of discretion. *Overstreet v. Zoning Hearing Board of Schuylkill Township,* 152 Pa.Commonwealth Ct. 90, 618 A.2d 1108 (1992).

alternative, Collins argues that the Zoning Ordinance fails to provide a fair share of mobile home park development in the Township. Collins requests that the Board create a mobile home park district and rezone his property for mobile home park development.

The Board denied Collins' Curative Amendment challenge, finding that mobile home parks are permitted in the LI-light industrial and LLI-limited light industrial districts of the Township and that those two districts have sufficient undeveloped land to accommodate the Township's fair share of mobile home park development.

In reaching its conclusion, the Board relied on Section 801(a) of the Zoning Ordinance, which permits in the LI-light industrial district "[a]ny individual use not specifically excluded, which meets the provisions of Section 801 to 813" of the Zoning Ordinance. The Board determined that no provision of the Zoning Ordinance specifically excludes mobile home parks in the LI-light industrial district. Further, the Board found that the criteria contained in Sections 801 to 813, relating primarily to industrial uses, neither expressly nor impliedly prevent the development of a mobile home park in the LI-light industrial district. The Board, therefore, reasoned that mobile home parks are permitted in the LI-light industrial district.

The Board also relied on Section 2305, which provides that any use not specifically permitted or prohibited may be permitted as a conditional use in the LLI-limited light industrial district. The Board determined that the Zoning Ordinance neither specifically permits nor prohibits mobile home parks in the LLI-limited light industrial district. Further, the Board found that none of the performance standards contained in the Zoning Ordinance prevents the development of a mobile home park as a conditional use. Therefore, the Board reasoned that a mobile home park may be permitted as a conditional use in the LLI-limited light industrial district.

Additionally, the Board considered Ordinance No. 65–5, (adopted separately from the zoning ordinance and regulating

the operation of "mobile home parks,") as providing standards and criteria applicable to the operation and development of residential mobile home parks in the Township.

With respect to the fair share issue, the Board found that the LI-light industrial and LLI-limited light industrial districts have sufficient undeveloped land for 663 mobile home park units. By comparing the percentage of the population accommodated in mobile home parks in surrounding municipalities, the Board determined that the Township's fair share of mobile home park units is only 70 units. Therefore, the Board concluded that the Zoning Ordinance amply provides for the Township's fair share of mobile home park development.

The trial court affirmed, agreeing with the Board's determination that mobile home parks are permitted in the LI-light industrial and LLI-limited light industrial districts and that both districts have ample room to provide for the Township's fair share of mobile home park units.

On appeal to this Court, Collins asserts that the trial court erred in determining that mobile home parks are permitted in the LI-light industrial and LLI-limited light industrial districts. Collins also asserts that the trial court erred in considering Ordinance No. 65–5 as applying to residential mobile home parks. According to Collins, the Zoning Ordinance, which does not provide for mobile home parks, has the effect of an explicit prohibition against that use. *Lower Gwynedd Township v. Provincial Investment Co.*, 39 Pa.Commonwealth 546, 395 A.2d 1055 (1979). Therefore, Collins maintains that he has met his burden of showing that the Zoning Ordinance unconstitutionally excludes mobile home park development in the Township. In the alternative, Collins argues that the Board erred in determining that the Zoning Ordinance provides for a fair share of mobile home park development in the Township.

### *Discussion*

A zoning ordinance is presumptively constitutional; a challenger of a zoning ordinance bears a heavy burden to

prove otherwise. *Overstreet v. Zoning Hearing Board of Schuylkill Township,* 152 Pa.Commonwealth Ct. 90, 618 A.2d 1108 (1992). However, the challenger can rebut this presumption by demonstrating that the ordinance completely excludes a legitimate use. *Id.* Once a challenger establishes that a legitimate use is excluded, the burden shifts to the municipality to show that the exclusion is substantially related to the promotion of public health, safety and welfare. *Id.* This Court has held that a municipality's failure to provide for mobile home parks, without justification, is unconstitutional. *Borough of Malvern v. Jackson,* 108 Pa.Commonwealth Ct. 248, 529 A.2d 96 (1987).

█ Our review of the Zoning Ordinance reveals that no provision of the ordinance expressly prohibits mobile home parks. However, we disagree with the Board's conclusion that, under the Zoning Ordinance, mobile home parks are permitted in the LI-light industrial and LLI-limited light industrial districts.

The declarations of legislative intent[2] and performance standards[3] pertaining to the LI-light industrial and LLI-limited light industrial districts demonstrate that the Town-

2. The declared intent of the article relating to LI-light industrial districts is "to establish reasonable standards for the height and size of buildings, the areas and dimensions of yards and open spaces, and the provisions of facilities and operation of industries to minimize traffic congestion, noise, glare, air pollution, water pollution and fire and safety hazards in industrial zones." (R.R. at 1521A.)

The declared intent of the article relating to LLI-limited light industrial districts is "to provide for a blend of uses as permitted in Section 700 as Commercial Business District uses with certain of the LI-limited industrial uses set forth in Section 801 for the purpose of encouraging the most appropriate use of land throughout the Township." (R.R. at 1588A.)

3. The LI-light industrial and LLI-limited light industrial district performance standards regulate, inter alia, smoke, dust, fumes, noise, odors, toxic gases, glare, heat, radioactivity, and waste disposal. (R.R. at 1523A–25A, 1591A–92A.) Additionally, the procedure for applying for a conditional use in the LLI-limited light industrial district requires, inter alia, a description of the proposed commercial operations, the number of shifts to be worked and the maximum number of employees on each shift, and designation of the fuel proposed to be used and any necessary architectural plans for controlling smoke. (R.R. at 1594A.)

ship did not intend general residential use in either district. Further, under both sections, the fact that two residential uses are specifically permitted [4] indicates that the Township intended to limit the permitted residential uses in those districts to those particular uses. Additionally, we find that Ordinance No. 65–5, which defines mobile homes as "any portable structure or vehicle, titled or registered as a vehicle," (R.R. at 1765A) clearly pertains to travel trailers, not residential mobile homes.

For the foregoing reasons, we conclude that the Township's failure to provide for mobile home park development effectively prohibits that use. Because the Township has provided no justification for completely prohibiting the use, we conclude that the Zoning Ordinance unconstitutionally excludes mobile home parks. Accordingly, we do not discuss the fair share requirement.

### Relief to be Granted

The remaining issue to be determined is the relief to which Collins is entitled. Collins concedes that under our Supreme Court's ruling in *Appeal of Shore*, 524 Pa. 436, 573 A.2d 1011 (1990), the approval of his plan is subject to reasonable restrictions. In *Shore*, the Court interpreted Section 1006–A of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 11006–A, as providing the courts of common pleas with broad discretion to approve a proposed use as to all elements or as to some of the elements, referring the remaining elements to the appropriate authority for further proceedings, including the adoption of alternative restrictions.[5]

4. The specified residential uses in the LI-light industrial district are: dwelling quarters for watchmen and caretakers employed on the premises and residential uses permitted in the R1½ residential district (minimum lot size of one and one half acres). (R.R. at 1521A, 23A.) The specified residential uses in the LLI-limited light industrial district are: an apartment lived in by the an owner or operator of a permitted use being conducted on the lot and residential uses permitted in the R–1 residential district (minimum lot size of one acre). (R.R. at 1588A.)

5. We note that, at the time Collins filed his Curative Amendment Application, Section 1011(2) of the MPC remained in effect. However,

Following *Shore*, we hold that the trial court is best situated to determine the extent to which Collins' proposal ought to be approved. Thus, we remand this case for proceedings and the entry of orders consistent with subsections (c), (d), and (e) of Section 1006–A of the MPC. We merely note herein that Collins' curative amendment application has been approved only to the extent that a mobile home park on his property is now a permitted use. We do not decide herein whether the entire site is suitable for a mobile home park, nor do we determine the appropriate size for individual lots, the widths of streets, the amount of required open space, the dimensions of property line or lot size set-backs or whether other use provisions in Collins' proposed ordinance are reasonable.

following *Shore*, we find that it would be inappropriate to require the trial court on remand to be guided by a statute that has been repealed.

Section 1006–A of the MPC provides in relevant part as follows:

(c) If the court finds that an ordinance or map, or a decision or order thereunder, which has been brought up for review unlawfully prevents or restricts a development or use which has been described by the landowner through plans and other materials submitted to the governing body, agency or officer of the municipality whose action or failure to act is in question on the appeal, it may order the described development or use approved as to all elements or it may order it approved as to some elements and refer other elements to the governing body, agency or officer having jurisdiction thereof for further proceedings, including the adoption of alternative restrictions, in accordance with the court's opinion and order.

(d) Upon motion by any of the parties or upon motion by the court, the judge of the court may hold a hearing or hearings to receive additional evidence or employ experts to aid the court to frame an appropriate order. If the court employs an expert, the report or evidence of such expert shall be available to any party and he shall be subject to examination or cross-examination by any party. He shall be paid reasonable compensation for his services which may be assessed against any or all of the parties as determined by the court. The court shall retain jurisdiction of the appeal during the pendency of any such further proceedings and may, upon motion of the landowner, issue such supplementary orders as it deems necessary to protect the rights of the landowner as declared in its opinion and order.

(e) The fact that the plans and other materials are not in a form or are not accompanied by other submissions which are required for final approval of the development or use in question or for the issuance of permits shall not prevent the court from granting the definitive relief authorized. The court may act upon preliminary or sketch plans by framing its decree to take into account the need for further submissions before final approval is granted.

Also, we do not decide what other township ordinances, including environmental regulations, are applicable to this development. *Compare Ellick v. Board of Supervisors of Worcester Township,* 17 Pa.Commonwealth Ct. 404, 411–12, 333 A.2d 239, 244–45 (1975) *and Lower Southampton Township Board of Supervisors v. Schurr,* 72 Pa.Commonwealth Ct. 322, 456 A.2d 702 (1983) (both decided prior to the adoption of Section 1006–A). See also the cases discussed in Ryan: Pennsylvania Zoning Law and Practice, §§ 3.1.10 and 3.5.15.

We remand the case to the trial court for entry of an order and proceedings consistent with Section 1006–A of the Municipalities Planning Code, 53 P.S. § 11006–A. The trial court shall retain jurisdiction during the pendency of this matter.

### ORDER

**AND NOW,** this 9th day of March, 1994, the order of the trial court dated April 28, 1993 is hereby vacated and this matter is remanded to the trial court for entry of an order and proceedings consistent with Section 1006–A of the Municipalities Code, 53 P.S. § 11006–A.

Jurisdiction relinquished.