**Abraham ATIYEH, Appellant**

v.

**BOARD OF COMMISSIONERS OF THE TOWNSHIP OF BETHLEHEM.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 12, 2012.

Decided April 5, 2012.

---

John A. Van Luvanee, Doylestown, for appellant.

Stanley J. Margle, III, Bethlehem, for appellee Township of Bethlehem.

Joseph J. Piperato, III, Bethlehem, for appellee Board of Commissioners of the Township of Bethlehem.

BEFORE: SIMPSON, Judge, and McCULLOUGH, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Abraham Atiyeh (Appellant) appeals from the January 11, 2011, order of the Court of Common Pleas of Northampton County (trial court), which sustained the decision of the Board of Commissioners (Board) of Bethlehem Township (Township) denying Appellant's curative amendment and finding that the Bethlehem Township Zoning Ordinance (Ordinance) is not *de jure* exclusionary. We reverse.

On February 6, 2009, Appellant filed with the Board a substantive challenge to the validity of the Ordinance, together with a proposed curative amendment pursuant to Section 609.1 of the Pennsylvania Municipalities Planning Code (MPC), 53 P.S. § 10609.1.[1] Appellant brought the challenge as the equitable owner of property located at 4255 Fritch Drive (Property) in the General Industrial (GI) zoning district in the Township.[2] The surrounding properties' uses vary from office to industrial, including an automotive garage, a warehouse and a medical office. (Board's Findings of Fact, Nos. 1, 3–4 and 12.)

Appellant alleged in the challenge that the Ordinance was and is *de jure* exclusionary and unconstitutional because it fails to permit the use of any land in the Township as a prison. (Board's Findings of Fact, No. 4.)

---

1. Act of July 31, 1968, P.L. 805, added by the Act of June 1, 1972, P.L. 133, *as amended.* Section 609.1(a) of the MPC provides in pertinent part as follows:

    A landowner who desires to challenge on substantive grounds the validity of a zoning ordinance ... which prohibits or restricts the use or development of land in which he has an interest may submit a curative amendment to the governing body with a written request that his challenge and proposed amendment be heard and decided as provided in section 916.1....

53 P.S. § 10609.1(a).

2. The Property is owned by Fritch, Inc. Appellant is the equitable owner of the Property pursuant to an agreement of sale between Fritch, Inc. and Macungie Development, LP, dated January 9, 2008, said agreement being assigned by Macungie Development, LP to Appellant on August 29, 2008. (Board's Findings of Fact, Nos. 2, 5.) Appellant indicated that he was working with two consulting groups to partner in the venture of a private prison. (Board's Findings of Fact, No. 41.)

The Board held public hearings on Appellant's challenge. Appellant offered the testimony of David Martin (Martin), a registered professional engineer. Martin testified that it was feasible to develop a prison on the Property. Martin further testified regarding the plans he prepared for a prison on the Property. (Board's Findings of Fact, Nos. 13–14.)

Appellant also offered the testimony of Olev Taremae (Taremae), Chief Planner with the Lehigh Valley Planning Commission (Commission). Taremae confirmed the position of the Commission that the Ordinance does not provide for a prison as a permitted use anywhere in the Township. (Board's Findings of Fact, No. 26.)

The Township offered the testimony of Frances Rosato (Rosato), an attorney and former deputy warden for the New York City Department of Corrections. In support thereof, Rosato testified to the effect that treatment centers, which are permitted uses under the ordinance, are a type of prison despite the fact that the definition of treatment center specifically excludes prisons.[3] (Board's Findings of Fact, No. 52.) A "treatment center" is defined in section 202 of the Ordinance as:

A use (other than a prison or a permitted accessory use in a "hospital") providing housing facilities for persons who need specialized housing, treatment and/or counseling because of:

A. criminal rehabilitation, such as a criminal half-way house or a treatment/housing center for persons convicted of driving under the influence of alcohol,

B. addiction to alcohol or a controlled substance, or

C. a type of mental illness, criminal history or other behavior that has caused or could reasonably be expected to cause a person to be a threat to the physical safety of others.

(Ordinance at 2–24; R.R. at 324a.) Rosato determined that subsection A of the definition of "treatment center" describes a prison; subsection B of the definition does not describe a prison but involves the voluntary admission to a drug and alcohol treatment center; and subsection C "might include being housed in a prison where a prison does provide for those who are mentally ill, or it may be a sentence to a mental hospital." (Board's Findings of Fact, No. 57.)

The Board concluded that "[t]he Ordinance does not define the term 'prison' and does not provide for the use of [a] 'prison' in any zoning district in the Township of Bethlehem." (Board's Conclusions of Law, No. 14.) However, the Board further concluded that a prison use is encompassed within the definition of a "treatment center." (Board's Conclusions of Law, Nos. 16–17.) The Board determined that a "treatment center," even though it specifically excludes a "prison" use from the definition, nonetheless encompasses a "prison" use because a "treatment center" includes housing for persons who need "criminal rehabilitation" or who have a "criminal history" that may cause them to be "a threat to the physical safety of others." Thus, a criminal conviction is necessary for placement in those types of "treatment centers." (Board's Conclusions of Law, No. 22.) The Board determined that the Ordinance is not *de jure* exclusionary with respect to prisons and denied Appellant's challenge. Appellant appealed to the trial court, which sustained the Board's

---

**3.** The Pennsylvania Code defines a prison as "[a] place, institution, building (or part thereof), set of buildings or area (whether or not enclosing a building or set of buildings) that is used for the lawful custody of individuals." 37 Pa.Code § 95.220a.

decision. Appellant now appeals to this court.[4]

Initially, Appellant contends that the Board erred as a matter of law in concluding that the Ordinance is not *de jure* exclusionary with respect to a prison use because a "treatment center," as defined in the Ordinance, is not sufficiently broad enough to encompass the use of a prison. We agree.

■ In a *de jure* challenge, the landowner asserts that the ordinance totally excludes a proposed use. *Caln Nether Company, L.P. v. Board of Supervisors,* 840 A.2d 484, 491 (Pa.Cmwlth.2004). The issue of whether a zoning ordinance is exclusionary is a question of law, reviewable by this court. *Id.* A zoning ordinance is presumptively valid and constitutional. *Ficco v. Board of Supervisors,* 677 A.2d 897, 899 (Pa.Cmwlth.1996). However, an ordinance that effects a total prohibition of an otherwise legitimate business use is particularly suspect. *Cracas v. Board of Supervisors,* 89 Pa.Cmwlth. 424, 492 A.2d 798, 800 (1985). A challenger can rebut the presumption of validity by demonstrating that the ordinance completely excludes a legitimate use. *County of Beaver v. Borough of Beaver Zoning Hearing Board,* 656 A.2d 157, 159 (Pa.Cmwlth. 1995). Once this is established, the burden shifts to the municipality to show that the exclusion is substantially related to the promotion of public health, safety and welfare. *Id.*[5]

■ The fact that a zoning ordinance does not contain a specific provision addressing a proposed use is not, in and of itself, a basis for finding an unconstitutional exclusion of that use. *Caln,* 840 A.2d at 491. Where an ordinance does not mention a specific use, we must determine whether the proposed use is included within another use that has been specifically provided for. *Id.* When a proposed use can be considered within another zoning classification or, where a zoning ordinance is broad enough to encompass the proposed use, there is no *de jure* exclusion. *Id.* When considering whether a proposed use falls within a given category of permitted use, we are mindful that ordinances are to be construed expansively, affording the landowner the broadest possible use and enjoyment of his or her land. *Id.* Undefined terms are given their plain meaning.[6] *Id.* To define an undefined term, we may consult definitions in stat-

---

4. Our review of a land use appeal in a case in which the trial court did not take additional evidence is limited to determining whether the governing body committed an error of law or abused its discretion. *Ficco v. Board of Supervisors,* 677 A.2d 897, 899 n. 4 (Pa. Cmwlth.1996). A zoning hearing board abuses its discretion only if its findings are not supported by substantial evidence. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 555, 462 A.2d 637, 640 (1983).

5. In *County of Beaver,* the county filed a challenge to the validity of the borough's ordinance alleging that it excluded the use of land for a jail. 656 A.2d at 159. The Borough alleged that a jail is a type of government office and is, therefore, a permitted use in the C–3 Commercial Professional District. *Id.* We found that a jail's primary use is to house and confine prisoners, whereas a governmental office use is different. *Id.* We determined that the ordinance is *de jure* exclusionary with regard to the use of land for a jail. *Id.*

6. This court has stated:

   Where the words in an ordinance are free from all ambiguity, the letter of the ordinance may not be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S. § 1921; see also 1 Pa.C.S. § 1903 (words and phrases in a statute shall be construed in accordance with their common and accepted usage).

   *Aldridge v. Jackson Township,* 983 A.2d 247, 253 (Pa.Cmwlth.2009).

utes, regulations or the dictionary for assistance. *Id.*

■ It is uncontroverted that the Ordinance fails to provide for a "prison" use within the Township. Therefore, for the Ordinance not to be *de jure* exclusionary, the prison use must be encompassed within another use that is specifically provided for in the Ordinance. *See Kratzer v. Board of Supervisors,* 148 Pa.Cmwlth. 454, 611 A.2d 809, 812 (1992). In this regard, the Board concluded that a prison was encompassed within the definition of a "treatment center."

A "treatment center" is defined in part in section 202 of the Ordinance (emphasis added) as "[a] use (*other than a prison* ...)." A "treatment center" in the Ordinance provides "housing facilities for persons who need specialized housing, treatment and/or counseling because of ... criminal rehabilitation" or a "criminal history." Moreover, a "treatment center" does not require the person be in custody; it merely provides housing, treatment and/or counseling for individuals with addictions, mental illness, and those who may have been convicted of a crime in the past.[7]

A prison houses those awaiting trial who cannot make bail and those under sentences of total confinement, *see* 42 Pa.C.S. § 9725 (stating criteria for sentences of total confinement), or partial confinement, *see* 42 Pa.C.S. § 9724 (stating criteria for sentence of partial confinement, also known as "work release"). Here, because the Ordinance expressly excludes a prison in its definition of a "treatment center," we, therefore, conclude that the Board erred in determining that the term "treatment center" was broad enough to include a prison.

■ Having established that a prison is not a permitted use in the Township, the burden then shifts to the municipality to prove that the exclusion was substantially related to the promotion of public health, safety and welfare. *County of Beaver,* 656 A.2d at 159. *See also Exton Quarries, Inc. v. Zoning Board of Adjustment,* 425 Pa. 43, 59–60, 228 A.2d 169, 179 (1967) (in which our supreme court struck down a zoning ordinance that completely excluded a quarry use within the municipality, because the municipality failed to show the quarries exclusion was substantially related to the public health, safety, morals and general welfare).

Here, no justification was advanced by the Board to support an exclusion of prisons in the Township, and there is no evidence that Appellant's plans for the prison would be injurious to the public health, safety, morals or general welfare. There was, however, testimony as to the continuing need for additional prison facilities in Northampton County. (Board's Findings of Fact, No. 28.) Further, the current comprehensive plan for Lehigh Valley recommends that community facilities be sited in "areas recommended for urban development," (Board's Findings of Fact, No. 24), and Taremae confirmed that locating a prison facility in the GI zoning district is consistent with that recommendation. (*Id.*) Therefore, because there is no provision in the Ordinance for a prison use, and the Board failed to justify such an exclusion, we must conclude that the Ordinance is *de jure* exclusionary.

■ Finally, Appellant argues that, if his challenge to the constitutionality of the Ordinance is successful, he is entitled to

---

7. We note that persons convicted of driving under the influence of alcohol are not always sent to a prison; there are other options, some of which include going to a treatment center or to counseling. 75 Pa.C.S. § 3804. Thus, the term "convicted" in section A of the definition of "treatment center" does not require a prison sentence.

definitive relief in the form of approval of his use and plan. In *County of Beaver*, this court determined that:

> a ruling that a zoning ordinance totally excludes a legitimate use is not to be enforced prospectively but must apply to the party who successfully litigated that ordinance's invalidity. As the Pennsylvania Supreme Court stated in *H.R. Miller Company v. Board of Supervisors*, 529 Pa. 478, [485,] 605 A.2d 321 [324–25] (1992), "where the cause of an ordinance's invalidity is a *de jure* exclusion of a legitimate use, as in *Casey* [*v. Zoning Hearing Board of Warwick Township*, 459 Pa. 219, 328 A.2d 464 (1974) ], . . . the sole remedy is to allow the use somewhere in the municipality, and equity dictates that this opportunity fall to the successful litigant/landowner."

656 A.2d at 160.

Here, Appellant has established that the Township unconstitutionally excluded a legitimate land use. Thus, Appellant is entitled to site-specific relief permitting him to develop a prison on the Property in accordance with his concept plan, subject, of course, to compliance with other applicable Township ordinances in effect on the date of the original application and to reasonable regulation by the Township, which must not be arbitrary or discriminatory and must bear a reasonable relationship to public health, safety, welfare and morals. *Lamar Advertising of Penn, LLC v. Zoning Hearing Board*, 915 A.2d 705, 711 (Pa.Cmwlth.2007).

Accordingly, we reverse.

### ORDER

AND NOW, this 5th day of April, 2012, the order of the Court of Common Pleas of Northampton County, dated January 11, 2011, is reversed.