IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lance Shortt and Sandra Shortt, :
                Appellants :
                            :
           v. : No. 1401 C.D. 2015
                            : Argued: February 7, 2017
East Marlborough Township :
Zoning Hearing Board :

BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                  HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                  FILED: March 2, 2017

Lance Shortt and Sandra Shortt (collectively, Landowners) appeal from the Court of Common Pleas of Chester County's (trial court) order affirming the Zoning Hearing Board (Board) of East Marlborough Township's (Township) denial of their validity challenge asserting a *de jure* exclusion of a "place of private assembly" use under the Township's Zoning Ordinance (Ordinance). We affirm.

**I.**

Landowners own property located at 370 Valley Road, East Marlborough Township, Chester County, Pennsylvania (property) consisting of approximately 11 acres and zoned in the RB Zoning District under the Township's Ordinance and Zoning Map.

The property is improved with the following: a principal dwelling wherein Landowners reside; an accessory dwelling where a relative resides; a converted barn that contains bed and breakfast guest units, a dining area where breakfast is served to guests and a full kitchen with room for caterers to arrange and set up food; cottages containing bed and breakfast units; an outdoor area immediately adjacent to the barn where a tent may be erected to accommodate outdoor private gatherings; a tennis court; a pavilion and a swimming pool with pool house; a decorative pond with a fountain; and various out-buildings such as sheds, a garage and other similar structures.

In addition to the existing residential dwelling use and bed and breakfast operation, Landowners now desire to utilize the property for what they contend is a second principal use. Describing this new principal use as a "place of private assembly" use (Proposed Use), Landowners want to lease their property to customers as "a place to accommodate meetings, events, and other private group assemblies, including, without limitation, private parties, business conferences, weddings, seminars and similar activities and may or may not include the providing of catered meals to accommodate the attendees." (Reproduced Record (R.R.) at 137a.)

Contending that the Ordinance does not allow the Proposed Use in any of the Township's zoning districts, Landowners filed a substantive validity challenge provided for in Section 916.1(a) of the Pennsylvania Municipalities Planning Code (MPC)[1] contending that the Ordinance is invalid as a *de jure* exclusion.[2]

---

[1] Act of July 31, 1968, P.L. 805, *added by* Act of December 21, 1988, P.L. 1329, *as amended,* 53 P.S. § 10916.1. Section 916.1 of the MPC provides, in pertinent part:

**(Footnote continued on next page…)**

2

(continued…)

(a) A landowner who, on substantive grounds, desires to challenge the validity of an ordinance or map or any provision thereof which prohibits or restricts the use or development of land in which he has an interest shall submit the challenge . . . :

(1) to the zoning hearing board under section 909.1(a). . . .

* * *

(c) The submissions referred to in subsection[](a) . . . shall be governed by the following:

(1) In challenges before the zoning hearing board, the challenging party shall make a written request to the board that it hold a hearing on its challenge. The request shall contain the reasons for the challenge . . .

* * *

(5) Based upon the testimony presented at the hearing or hearings . . . the zoning board . . . shall determine whether the challenged ordinance or map is defective, as alleged by the landowner. . . . If a challenge heard by a zoning hearing board is found to have merit, the decision of the zoning hearing board shall include recommended amendments to the challenged ordinance which will cure the defects found. . . .

53 P.S. § 10916.1(a). Section 909.1(a) of the MPC provides, in pertinent part:

(a) The zoning hearing board shall have exclusive jurisdiction to hear and render final adjudications in the following matters:

(1) Substantive challenges to the validity of any land use ordinance. . . .

Act of July 31, 1968, P.L. 805, *as amended,* added by Section 87 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10909.1(a).

[2] A zoning ordinance is invalid as *de jure* exclusionary when it totally excludes a legitimate use. *H.R. Miller Co., Inc. v. Board of Supervisors of Lancaster Township*, 605 A.2d 321 (Pa. 1992).
**(Footnote continued on next page…)**

## II.

### A.

During the course of hearings before the Board on their challenge, Landowners presented the testimony of Charles J. Frederick (Frederick), a registered architect, landscape architect and certified planner. Frederick testified that he is a land planner who practices predominantly in southeast Pennsylvania and has been responsible for the preparation of numerous comprehensive plans and zoning ordinances. He stated that the uses surrounding the property range from remnant agricultural, residential and industrial uses with Longwood Gardens to the south.

Frederick testified that the activities to be conducted on the property are weddings, bar mitzvahs, birthday parties and events that are fairly substantial in the number of attendees. He explained that the method of operation for this Proposed Use is to lease the entire property to the party who desires to host the particular function, except for the Landowners' and their relative's residence. Food involved in these events would not be cooked on-site, but would be brought in and perhaps heated and arranged and served. The bed and breakfast operation would not be operated as an independent use during the time that Landowners leased out the property for the Proposed Use. While Frederick opined that the property is suitably equipped for the Proposed Use, he admitted that he has never attended an event at the

---

**(continued…)**

A party challenging the lawfulness of the ordinance bears the burden of proving that the ordinance completely excludes a legitimate use. *Atiyeh v. Board of Commissioners of the Township of Bethlehem*, 41 A.3d 232, 236 (Pa. Cmwlth. 2012). Once the challenger's burden is met, the burden shifts to the municipality to show that the exclusion is substantially related to the promotion of public health, safety and welfare. *Id.*

4

property and did not have first-hand knowledge of the scope of the Proposed Use or the noise level of such an operation.

As a land planner, Frederick has never drafted anything like the Proposed Use into an ordinance. He was not aware of any ordinance that allows for a "place of private assembly" use in the surrounding suburban townships, including Montgomery, Delaware, Chester or Bucks Counties. Frederick stated that weddings, receptions, bar mitzvahs, business meetings and other similar assemblages can be held in hotels and commercial facilities in the Township in compliance with the Ordinance. He also stated that restaurants in any municipality can accommodate private parties and, size permitting, could hold a wedding reception. Nonetheless, Frederick opined that the Proposed Use cannot be conducted anywhere in the Township as a principal use. He opined that he does not believe the Proposed Use could be conducted as a "restaurant" because he interprets that use category to require food to be cooked at the location where it is served.

**B.**

The Township presented the testimony of Wayne Grafton (Grafton), an expert land planner and the owner of a land use planning firm. Grafton testified that he does planning work on behalf of municipalities and land development regulations and comprehensive plans. He stated that the primary use of the property is residential with an accessory bed and breakfast use. He opined that a "place of private assembly" is not a use but rather a group of functions provided for by multiple uses listed in the Ordinance. Grafton reviewed the Ordinance and believes that the activities proposed by Landowners could be performed as either a hotel or restaurant use under the Ordinance.

5

Regarding the hotel use category, Grafton testified that the hotel facilities in the surrounding area are examples of hotels which provide for functions similar to Landowners' special events and that lodging, dining, recreation, conference and meeting activities are all integral functions to a hotel. He stated that a hotel is, in fact, located within the Township and is situated in the C-2 Commercial Highway Zoning District. He has personally attended business lunches and wine tastings at that hotel and other hotels in the area. Both hotel guests and independent persons can lease this hotel's meeting facilities, and this particular hotel is a common venue for local activities and events to occur. He stated that many hotels include conference and/or banquet facilities as integral components of their principal use. He stated that while not every hotel has meeting rooms, there has been an evolution in the common definition of hotel to include activities such as pools, kitchens, meeting rooms and reception facilities.

Regarding the restaurant use category, Grafton testified that restaurants are allowed in the Mixed Use District, the Willowdale Multiple Use District, and the C-1 and C-2 Commercial Districts. He stated that the Ordinance does not preclude restaurants from hosting functions, including any of the special events requested by Landowners.

Finding that the Proposed Use is actually just a group of functions already permitted as a hotel and restaurant use, both of which are permitted uses in the MU Multiple Use District, LMU Limited Multiple Use District and the C-2 Highway Commercial District, the Board issued an Opinion and Order denying

6

Landowners' challenge and upholding the validity of the Ordinance.[3]  The Board found Grafton more credible than Frederick, and used Grafton's testimony to support its findings and conclusions.

Landowners timely filed an appeal to the trial court.  Taking no additional evidence or testimony, the trial court issued an order dismissing Landowners' appeal and upholding the Board's determination.  This appeal by Landowners followed.[4]

## III.

On appeal, Landowners' core contention is that the Ordinance is unconstitutionally exclusionary because it does not permit a primary use for leasing property to private parties regardless of the activities to occur on the property.

In considering exclusionary challenges, we have explained:

---

[3] In the alternative, the Board found the Proposed Use could also be permitted under other permitted use categories in the Ordinance including under the MU and LMU District which permit parks, churches, community centers and similar uses, theaters or other places of amusement, and indoor and outdoor commercial recreational use.  In addition, the AP and RB Districts permit a club or lodge building which could accommodate the Proposed Use.

[4] In a zoning appeal where the trial court takes no additional evidence, our scope of review is limited to determining whether the zoning hearing board has committed an error of law or an abuse of discretion.  *Catholic Social Services Housing Corporation v. Zoning Hearing Board of Edwardsville Borough,* 18 A.3d 404 (Pa. Cmwlth. 2011).  An abuse of discretion occurs when the findings of the zoning hearing board are not supported by substantial evidence.  *Id.*  Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Id.*

Zoning ordinances in Pennsylvania enjoy a presumption of constitutionality and validity, and the party challenging one bears a heavy burden of proving otherwise. In order to overcome this presumption of constitutionality, the challenger must demonstrate that the ordinance totally excludes an otherwise legitimate use. Unless the challenger demonstrates that the ordinance in question completely or effectively excludes a legitimate use, the challenger has failed to carry its burden. To prove total or effective exclusion of a permitted use, the challenger can show that the ordinance is either *de jure* or *de facto* exclusionary. A *de jure* exclusion exists where an ordinance, on its face, totally bans a legitimate use. A *de facto* exclusion exists where an ordinance permits a use on its face, but when applied, acts to prohibit the use throughout the municipality.

*Interstate Outdoor Advertising v. Zoning Hearing Board of Warrington Township*, 39 A.3d 1019, 1024-25 (Pa. Cmwlth. 2012) (citations omitted). If the challenger meets this heavy burden, the burden then shifts to the municipality to show, through evidence, that the total exclusion "bears a substantial relationship to the public health, safety, morality, or welfare." *Township of Exeter v. Zoning Hearing Board of Exeter Township*, 962 A.2d 653, 661 (Pa. 2009). Such a showing by the municipality will rescue an otherwise exclusionary ordinance from a constitutional challenge.

## A.

Turning first to the argument that the Proposed Use constitutes a new use discrete from other uses, Landowners contend "[s]pecifically, the Proposed Use is a business use – the leasing of specific premises to hold functions such as parties, weddings, seminars, and the like. These functions can be held in any number of places: hotels, restaurants, and even private residences. Zoning, however, does not regulate functions. Rather, the Proposed Use is the leasing of specific premises to hold such functions." (Landowners' Brief at 6.) What

8

Landowners' argument ignores is that zoning ordinances do regulate "functions" – *i.e.*, uses to which the land is being put – not the business model behind that use. For zoning purposes, it is irrelevant whether the function is being carried out by the owner, lessee or licensee because the use and the effects of the use are the same no matter who is the subject of the use.

In *Sultanik v. Board of Supervisors of Worcester Township*, 488 A.2d 1197 (Pa. Cmwlth. 1985), we addressed a similar argument which claimed that an ordinance was exclusionary because it failed to address a different business model in providing for commercial uses. In that case, the landowner argued that the ordinance was exclusionary because it did not provide for a commercial "shopping center" use. We held that a failure to specifically provide for shopping centers where one owner rents out all the commercial space is not exclusionary "because a shopping center constitutes simply a particular configuration of commercial uses, rather than a separate land use category in itself, [and] there is no basis for concluding, as a matter of law, that there is a total exclusion of a legitimate commercial use category." *Id.* at 1205.

In *East Marlborough Township v. Jensen*, 590 A.2d 1321 (Pa. Cmwlth. 1991), a developer again argued that a zoning ordinance was exclusionary because it did not provide for a shopping center use. The developer in that case contended that the shopping center use was effectively excluded as a result of the zoning scheme's failure to provide sufficient space for developers to construct a modern-style shopping center. In rejecting that argument, we found that it was not exclusionary because the zoning ordinance permitted each of the shopping center's component uses. We also rejected the contention "that developers have a right to a

zoning scheme guaranteeing their ability to build a neighborhood shopping center. 'But [sic] we have found no authority for requiring that every municipality's zoning ordinance must make provision for every planning variation or combination which has been conceived, nor have the landowners cited any such authority.'" *Id.* at 1324 (quoting *Cambridge Land Company v. Marshall Township*, 560 A.2d 253, 260 (Pa. Cmwlth. 1989)) (corrections in *Jensen*).

Similarly, in *Montgomery Crossings Associates v. Township of Lower Gwynedd*, 758 A.2d 285 (Pa. Cmwlth. 2000), a developer contended that a zoning ordinance explicitly excluded a shopping center use or, in the alternative, effectively excluded the use because it did not permit many of its component stores – *i.e.*, movie theatres, department stores, indoor recreation facilities, lumber supply stores, etc. – to be built at the scale necessary to ensure profitability. We reiterated that the developer's validity challenge must demonstrate that the zoning ordinance prohibits "certain types of commercial uses that might conceivably occupy a shopping center." *Id.* at 287. We then held that the ordinance did not *de jure* exclude any of the uses implicated under the shopping center. Regarding that developer's contention that the shopping center was effectively excluded, we explained:

> [**W]hile a township must in its zoning scheme provide for all reasonable uses, it is not required to zone for every business model;** if a smaller version of a commercial use may be constructed in the D business district, townships need not zone specifically to allow larger versions to avoid the conclusion that their ordinance is exclusionary. This holding is consistent with the long established rule applicable to residential uses that if an ordinance provides for a particular use, such as apartments, it will not be held

10

exclusionary because it limits that use to a particular size building.

*Id.* at 289 (citing *Board of Supervisors of Northampton Township v. Gentsch*, 414 A.2d 1102, 1105 (Pa. Cmwlth. 1980)) (emphasis added).

What the above cases demonstrate is that a zoning ordinance is not exclusionary just because it does not have a defined use that recognizes a landowner's business model or it does not mention every conceivable commercial operation deriving from a combination of legitimate commercial uses. Rather, the question is whether each of the component uses, not the business model, are accommodated by the zoning ordinance. Moreover, a business design that merely attempts to patch together other discrete, commercial uses is not a new, discrete use that a township has a duty to ensure.

Similar to a shopping center constituting a particular configuration of commercial uses, Landowners' Proposed Use is best understood as a business model that essentially allows someone to lease their property to undertake functions that Landowners admit, with some quibbles, are permitted uses in other Township zoning districts. Although their business model may be different, as long as the uses for which the property is being sought are allowed in a Township district under the Ordinance, the Ordinance is not exclusionary.

**B.**

Landowners also contend that the Proposed Use is excluded from the Ordinance because its functions do not fall squarely within the definition for hotel. Here, Landowners distinguish the Proposed Use from a hotel use by placing emphasis

11

on the fact that hotels primarily provide lodging to guests and are intrinsically open to the public.[5]  In contrast, Landowners contend that under the Proposed Use, their property would only be available for private guests and the Proposed Use would not involve the provision of lodging, events, food or other services by Landowners.

Simply because a zoning ordinance does not specifically mention a proposed use is not a basis for finding an unconstitutional exclusion of that use. *Atiyeh v. Board of Commissioners of the Township of Bethlehem*, 41 A.3d 232, 236 (Pa. Cmwlth. 2012).  If the proposed use that is alleged to be excluded is included within another specifically provided for use in the ordinance, the ordinance is not exclusionary.

Although the Ordinance does not define "hotel," the term is normally understood to mean "an establishment that provides lodging and [usually] meals, entertainment, and various personal services for the public."  Webster's Ninth New Collegiate Dictionary 583 (1989).  Grafton credibly testified that it is common for hotels to hold private events for weddings, bar mitzvahs, business conferences, etc. He explained that the hotel facilities in the surrounding area are examples of hotels that provide for functions similar to Landowners' special events and that lodging, dining, recreation, conference and meeting activities are all integral functions to a hotel.  He also stated that a hotel is, in fact, located within the Township and that he

---

[5] Because Landowners' bed and breakfast operation on the property is not a principal use, Landowners do not contend that the Proposed Use is an accessory use to it, which the Ordinance defines as "[a] use customarily incidental and subordinate to the principal use on the same Lot." Section 202 of the East Marlborough Township Zoning Ordinance of 1992.

12

has personally attended business lunches and wine tastings at that hotel and other hotels in the area.

Given Grafton's credible testimony and, more importantly, that the definition for hotel plainly encompasses providing more than just lodging but also private functions and events and services, it is clear that any activities under the Proposed Use are also permitted under a hotel use. Moreover, while informative but not determinative, there is nothing to prevent a hotel from leasing out its facilities in the same way as Landowners want to do in the Proposed Use. Just because Landowners cannot legally perform the Proposed Use on their zoned property does not mean that it is *de jure* excluded under the Ordinance.[6]

Accordingly, because there are a number of areas within the Township where the Ordinance permits Landowners to essentially accomplish their Proposed Use, we affirm the trial court's order.[7]

_____
DAN PELLEGRINI, Senior Judge

[6] Many of the Proposed Use's functions are also permitted under the "restaurant" use category. The Ordinance defines "restaurant" as "[a]n establishment where food and beverages are prepared, served, and consumed primarily within the principal building." Section 202 of the East Marlborough Township Zoning Ordinance of 1992, *as amended*, added by Order No. 99-1 on February 8, 1999. Here, Grafton credibly testified that restaurants commonly perform hosting functions, including the special events requested by the Landowners. Moreover, when giving the term the broadest interpretation so as to allow the least restrictive use of the land, the "preparation" of food can obviously take a variety of forms beyond its actual cooking, including catering services that warm and arrange the food being served. Accordingly, many, if not all, of the functions under the Proposed Use would be permitted under this use category.

[7] Because of the manner in which we resolve this matter, we do not reach the remainder of Landowners' or the Township's contentions.

13

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lance Shortt and Sandra Shortt, :
                  Appellants :
                   :
           v. : No. 1401 C.D. 2015
                   :
East Marlborough Township :
Zoning Hearing Board :

## **O R D E R**

AND NOW, this 2nd day of <u>March</u>, 2017, it is hereby ordered that the order of the Court of Common Pleas of Chester County dated July 16, 2015, is affirmed.

_____
DAN PELLEGRINI, Senior Judge