**PARADISE MATERIALS, INC., Appellant,**

v.

**PARADISE TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Argued April 18, 1996.

Decided May 29, 1996.

Byron M. Yatron, for Appellant.

John R. Kachur, for Appellee.

Before McGINLEY and FRIEDMAN, JJ., and KELTON, Senior Judge.

FRIEDMAN, Judge.

Paradise Materials, Inc. (Paradise Materials) appeals from an order of the Court of Common Pleas of Monroe County (trial court) granting Paradise Township's (Township) Petition to Quash the Appeal of Paradise Materials.

Paradise Materials is the equitable owner of three tracts of land which comprise approximately 180 acres in Paradise Township, Monroe County, Pennsylvania. Paradise Materials operates a small quarry on the land and wishes to expand the quarry's operations; however, when Paradise Materials first sought the Township's approval, the Township's zoning ordinance did not allow the kinds of non-coal surface mining operations which Paradise wanted to establish as part of the expansion.

The Township's zoning ordinance was originally enacted on December 17, 1991. On March 15, 1994, the Township amended certain provisions pertaining to non-coal surface mining, (R.R. at 25a–29a); however, on April 2, 1994, the Township recognized that some of the amendments were invalid and began the procedure to enact a *municipal* curative amendment pursuant to section 609.2 of the Pennsylvania Municipalities Planning Code (MPC).[1] (R.R. at 30a–31a.)

---

1. Section 609.2 of the MPC, Act of July 31, 1968, P.L. 805, *as amended*, added by section 2 of the Act of October 5, 1978, P.L. 1067, 53 P.S. § 10609.2, provides in pertinent part as follows:

If a municipality determines that its zoning ordinance or any portion thereof is substantially invalid, it shall take the following actions:

(1) A municipality shall declare by formal action, *its zoning ordinance or portions thereof* substantively invalid and propose to prepare a curative amendment to overcome such invalidity. Within 30 days following such declaration and proposal the governing body of the municipality shall:

(i) *By resolution make specific findings* setting forth the declared invalidity of the zoning ordinance....

(ii) Begin to prepare and consider a curative amendment to the zoning ordinance to correct the declared invalidity.

(2) Within 180 days from the date of the declaration and proposal, the municipality shall enact a curative amendment....

(3) Upon the initiation of the procedures, as set forth in clause (1), the governing body shall not be required to entertain or consider any landowner's curative amendment filed under section 609.1 nor shall the zoning hearing board be required to give a report requested under section 909.1 or 916.1 subsequent to the declaration and proposal based upon the grounds identical to or substantially similar to those specified in the resolution required by clause (1)(a). Upon completion of the procedures as set forth in clauses (1) and (2), no right to a cure pursuant to the provisions of sections 609.1 and 916.1 shall, from the date of the declaration and proposal, accrue to any landowner on the basis of the substantive invalidity of the unamended zoning ordinance

On April 21, 1994, pursuant to section 609.2(1)(i) of the MPC, the Township passed a resolution which contained specific findings regarding the issues that were to be addressed by the municipal curative amendment:

1. Section 303(3)(K) and 504 of the Zoning Ordinance regulate *quarrying activity* in a manner which may exceed the permissible scope of municipal regulation.

2. The *treatment of quarrying and related industrial activity* under the Zoning Ordinance requires revision.

3. The *absence of an industrial zone* under the Zoning Ordinance requires revision and an appropriate amendment.

4. The Board of Supervisors and the Planning Commission are authorized and directed to begin the process of preparation and consideration of a curative amendment to the Zoning Ordinance.

(R.R. at 54a.) (Emphasis added.)

On August 13, 1994, despite the Township's initiation of a municipal curative amendment with respect to quarrying and related industrial activity, Paradise Materials filed with the Township a petition for a *landowner* curative amendment pursuant to sections 609.1 and 916.1 of the MPC.[2] (R.R. at 32a–37a.) In its petition, Paradise Materials challenged the Township's zoning ordinance as exclusionary for its failure to provide for the following uses: (1) concrete batch and manufacturing plants; (2) bituminous asphalt plants; (3) the manufacture of stone-related products; (4) the storage, maintenance and repair of construction and quarry vehicles and equipment; (5) the storage of stone and stone products; (6) stone crushing and screening; and (7) attendant and accessory uses for the aforesaid structures, storage

equipment, scales and offices related to the operation of the foregoing. (R.R. at 10a.) Because the Township had already begun the process for a municipal curative amendment, the Township declined to hold a hearing to consider Paradise Materials' petition. (R.R. at 42a.)

On September 21, 1994, the Township enacted its own curative amendment. (R.R. at 60a–96a.) As a result, the Township's zoning ordinance now provides for the following conditional uses in a B–2 Business District: (1) concrete plants, (R.R. at 85a); (2) asphalt plants, (R.R. at 85a); (3) the manufacture of stone-related products, (R.R. at 84a); (4) the storage and minor maintenance of vehicles and equipment, (R.R. at 84a); (5) retail and wholesale sales of stone excavated on the site, (R.R. at 84a); and (6) offices related to the operations, (R.R. at 84a).

On November 11, 1994, Paradise Materials filed a Notice of Appeal with the trial court, averring that the Township's failure to hold a hearing on its landowner curative amendment constituted a deemed denial. Thus, Paradise Materials requested that the trial court hold a *de novo* hearing and render a decision on the merits of its landowner curative amendment. (R.R. at 3a–6a.)

The Township filed a Petition to Strike Appeal, arguing that, because the Township did not have to consider Paradise Materials' landowner curative amendment under section 609.2(3) of the MPC, the trial court lacked authority to consider it on appeal. The Township also maintained, *inter alia*, that, because the Township had amended that portion of its zoning ordinance challenged by Paradise Materials, the matter was moot. (R.R. at 18a–24a.)

---

for which there has been a curative amendment pursuant to this section.

**2.** Section 609.1 of the MPC, 53 P.S. § 10609.1, states in pertinent part as follows:

(a) A landowner who desires to challenge on substantive grounds the validity of a zoning ordinance or map or any provision thereof, which prohibits or restricts the use or development of land in which he has an interest may submit a curative amendment to the governing body with a written request that his challenge and proposed amendment be heard and decided as provided in section 916.1.

Section 916.1 of the MPC, 53 P.S. § 10916.1, provides in pertinent part:

(a) A landowner who, on substantive grounds, desires to challenge the validity of an ordinance or map or any provision thereof which prohibits or restricts the use or development of land in which he has an interest shall submit the challenge either:

(1) to the zoning hearing board under section 909.1(a); or

(2) to the governing body under section 909.1(b)(4) together with a request for a curative amendment under section 609.1.

The trial court, after comparing the landowner curative amendment with the Township's findings of invalidity, determined that the landowner curative amendment and the municipal curative amendment were based on substantially similar grounds. Thus, the trial court quashed Paradise Materials' appeal.

 On appeal to this court,[3] Paradise Materials argues that the trial court erred as a matter of law in dismissing its appeal.[4] Because the Township's municipal curative amendment, now enacted, specifically addressed each element of Paradise Materials' landowner curative amendment and thereby cured the zoning ordinance's invalidity, we believe that Paradise Materials' appeal from the order of the trial court is moot.[5] *See Board of Supervisors v. McClimans,* 142 Pa. Cmwlth. 470, 597 A.2d 738 (1991).

Here, as stated above, Paradise Materials sought an amendment to the Township's zoning ordinance which would allow: (1) concrete plants; (2) asphalt plants; (3) the manufacture of stone-related products; (4) the storage, maintenance and repair of construction and quarry vehicles and equipment; (5) the storage of stone and stone products; (6) stone crushing and screening; and (7) attendant and accessory uses for the aforesaid structures, storage equipment, scales and offices related to the operation of the foregoing.

The Township's zoning ordinance, pursuant to the municipal curative amendment, now permits as a conditional use in a B–2 Business District: (1) concrete plants, (R.R. at 85a); (2) asphalt plants, (R.R. at 85a); (3) the manufacture of stone-related products, (R.R. at 84a); (4) the storage and minor maintenance of vehicles and equipment, (R.R. at 84a); (5) retail and wholesale sales of stone excavated on the site, (R.R. at 84a); and (6) offices related to the operations, (R.R. at 84a). It is apparent to us that the invalidity in the Township's zoning ordinance which Paradise Materials identified in its petition has been cured.[6]

Accordingly, the appeal of Paradise Materials is dismissed as moot.

## ORDER

AND NOW, this *29th* day of *May,* 1996, the appeal of Paradise Materials, Inc. from the order of the Court of Common Pleas of Monroe County, dated August 28, 1995, is dismissed as moot.

---

**3.** Because neither the governing body nor the trial court made findings of fact with respect to the landowner curative amendment, our scope of review is limited to a determination of whether the trial court committed an error of law. *Robin Corp. v. Board of Supervisors,* 17 Pa.Cmwlth. 386, 332 A.2d 841 (1975).

**4.** Paradise Materials maintains that: (1) the municipal curative amendment and the landowner curative amendment were not based on substantially similar grounds; and (2) the trial court had no authority under the MPC to quash its appeal.

**5.** The mootness doctrine requires that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed. *In re Cain,* 527 Pa. 260, 590 A.2d 291 (1991). An issue can become moot during the pendency of an appeal due to a change in the facts of the case or due to a change in the applicable law. *Id.*

**6.** We reject Paradise Materials' suggestion that the municipal curative amendment never really cured the zoning ordinance because it incorrectly identified section 303(K) as the quarrying provision of the ordinance when, in fact, section 303(K) regulates commercial veterinary kennels or commercial riding stables. Because section 16 of the municipal curative amendment states that parts of ordinances which are in conflict with the provisions of the curative amendment are repealed, (R.R. at 96a), we do not believe that this is a problem.